# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID Nos. 2010001394 |
| | ) | 2010001654 |
| JACQUANE D. HORTA, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 5, 2024
Decided: May 3, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Jillian L. Schroeder, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jacquane D. Horta, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 3rd day of May 2024, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. Two cases were resolved as part of the global plea offer that Defendant Jacquane D. Horta accepted on October 31, 2022.

2. In Criminal Action No. 2010001394, Horta was indicted on the charges of four counts of Attempted Murder in the First Degree, Possession of a Firearm During the Commission of a Felony, and Criminal Mischief.

3. This case involved charges stemming from a road-rage incident that occurred on October 3, 2020. Horta, while operating a dark green Dodge pick-up truck, ran a red light while operating his vehicle at a high rate of speed. At the next intersection, a verbal argument ensued between Horta and the driver of another vehicle about his erratic driving. In the other vehicle, there were four people. The father and mother were in the front seat and a ten-year-old girl and her younger brother were in the back seat. A few minutes after the encounter, Horta open-fired into the victim's vehicle and shattered the rear window of the vehicle. There were five bullet holes in the rear of the vehicle, including three in the rear windshield. The ten-year-old girl was struck by the gunfire and suffered a gunshot wound to her hand, a graze wound behind her left ear, and lacerations to her shoulder.[1]

---

[1] See, as to Criminal Action No. 2010001394, D.I. 1-Affidavit of Probable Cause attached as Exhibit B to Justice of Peace Court No. 11 Commitment filed in the Superior Court on

1

4.      During the police investigation, officers developed Horta as the suspect, and during a photographic line-up, both the mother and father positively identified Horta as the man driving the green Dodge pick-up truck who open-fired on their vehicle.[2]

5.      After his arrest, Horta confessed to shooting at the vehicle with the little girl in the backseat and told police he threw the firearm off a bridge into a body of water.[3]

6.      In Criminal Action No. 2010001654, Horta was indicted on the charges of Attempted Murder in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Aggravated Menacing, and Conspiracy in the First Degree.

7.      This case involved charges stemming from a stabbing incident that also occurred on October 3, 2020. A short time after the road-rage incident, law enforcement responded to a residence on 5th Street, in Wilmington, Delaware in response to an assault victim. A male victim was suffering from numerous stab wounds to his entire body. The victim told police that Horta was one of the assailants and that Horta drove a green Dodge pick-up truck.[4]

8.      On October 31, 2022, Horta pled guilty, in a global plea, to two counts of Attempted Assault in the First Degree (a lesser-included offense to Attempted Murder in the First Degree) related to the road-rage incident, one count of Possession of a Firearm During the Commission of a Felony related to the road-rage incident,

---

November 2, 2020; February 10, 2023 Sentencing Transcript, at pgs. 6, 9; State's Response to Defendant's Rule 61 motion, at pgs. 1-3.
[2] *Id*.
[3] *Id.*
[4] *Id.*

and Conspiracy in the Second Degree (a lesser-included offense to Conspiracy in the First Degree) related to the stabbing incident. In the plea agreement, the parties agreed to a presentence investigation and to an "open" sentencing. The State agreed to cap its sentence recommendation to a total of nine years of unsuspended Level V prison time.

9. On February 10, 2023, Horta was sentenced to a total of eleven years of unsuspended Level V prison time, followed by decreasing levels of supervision.

10. Horta did not file a direct appeal.

11. On February 28, 2023, Horta filed a motion for sentence modification which was denied by the Court by Order dated March 10, 2023.[5]

## HORTA'S RULE 61 MOTION

12. Horta filed the subject Rule 61 motion for post-conviction relief on August 16, 2023. In the subject motion, Horta raises four ineffective assistance of counsel claims. Horta claims that his counsel: (1) failed to advise him of his double jeopardy defense; (2) failed to contact witnesses and failed to consult with him; (3) failed to file a Rule 35(b) motion to reduce Horta's sentence; and (4) failed to investigate the victim's medical records and failed to explore potential exculpatory information contained in police reports.

13. In this Rule 61 motion, the record was enlarged and Horta's trial counsel was directed to submit an Affidavit responding to his ineffective assistance of counsel

[5] As to Criminal Action No. 2010001394, D.I. 36.

3

claims. Thereafter, the State filed a response to the motion and Horta was permitted to file a reply thereto.[6]

14.     In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[7] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[8]

15.     In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[9] The burden of proving ineffective assistance of counsel is on the defendant.[10] Mere allegations of ineffectiveness will not suffice;

---

[6] Super.Ct.Crim.R. 61(f) and 61(g).
[7] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[8] *Id.* at 687-88, 694.
[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[10] *Oliver v. State,* 2001 WL 1751246 (Del.).

4

instead, a defendant must make and substantiate concrete allegations of actual prejudice.[11]

16.    The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[12] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[13]

17.    It is important to emphasize that Horta admitted to being the shooter in the road-rage incident. In addition, the victims had also positively identified Horta as being the shooter. He was facing four counts of attempted murder in the first degree, related to the road-rage incident.  If Horta did not accept the global plea, and was convicted at trial, he would be facing at least 15 years of unsuspended prison time for each of the attempted murder in the first degree convictions, up to the possibility of multiple life sentences, plus significant more prison time on the other related charges.[14]

---

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[12] *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[13] *Id.*, at pg.  741.
[14] See, 11 *Del. C.* § 4205

18. Horta's plea represented a prudent choice given the pending charges, the evidence against him, and the possible sentences he was facing if convicted at trial. It is hard to envision how trial counsel's representation of Horta could be deemed deficient in any respect given the ultimate result achieved in light of the facts and circumstances presented herein.

19. With this backdrop in mind, we turn to Horta's specific claims.

### Claim One:  Failure to Advise of Double Jeopardy Defense

20. In Claim One, Horta claims that his trial counsel was ineffective for failing to advise him of his double jeopardy defense before entering into his guilty plea.

21. Horta's defense counsel, in his Affidavit in response to Horta's Rule 61 motion, advises that this was Horta's first trial, he had no double jeopardy defense.[15]

22. Horta did not provide any specifics or support for his alleged double jeopardy defense.  Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel.[16]

23. An ineffective assistance of counsel claim based on the failure to object to evidence is without merit if trial counsel lacked a legal or factual basis to object to the evidence.[17]

24. This unsubstantiated claim is without merit.

---

[15] As to Criminal Action No. 2010001394, D.I. 42- Affidavit of Trial Counsel, at pg. 1.

[16] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004) (conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

[17] *State v. Exum,* 2002 WL 100576, at *2 (Del.Super.), *affirmed,* 2002 WL 2017230, at *1 (Del.).

## Claim Two:  Failure to Consult with Horta or Contact Witnesses

25.     In Claim Two, Horta claims that his trial counsel failed to contact witnesses or consult with Horta, which placed him in fear and caused him to accept the plea offer.

26.     Horta's present claim is belied by the record.  A defendant is bound by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[18]

27.     In the subject action, the Plea Agreement, Truth-in-Sentencing Guilty Plea Form and plea colloquy establish that Horta entered into his guilty plea intelligently, knowingly, and voluntarily.[19]

28.     Horta confirmed that his counsel explained the terms of the plea agreement, the rights he was waiving and the penalties he could suffer, and that he was entering into the plea knowingly, intelligently and voluntarily.[20]  Horta represented that he understood that by pleading guilty he was waiving his right to hear and question witnesses and to present evidence in his own defense.[21]

29.     Horta expressly represented to the Court that he was able to confer with counsel and have all his questions answered[22]

---

[18] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).
[19] October 31, 2022 Plea Transcript; Truth-in-Sentencing Guilty Plea Form dated October 31, 2022; Plea Agreement dated October 31, 2022.
[20] October 31, 2022 Plea Transcript, at pgs. 4-5.
[21] October 31, 2022 Plea Transcript, at pgs. 6-7
[22] October 31, 2022 Plea Transcript, at pgs. 5-8.

Horta further represented that he was satisfied with his counsel's representation and had been fully advised of his rights.[23]

30. A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful.[24] Likewise, in this matter, at the plea colloquy, Horta expressly represented that he was testifying truthfully.[25]

31. Horta has not presented any clear, contrary evidence to call into question his testimony at the plea colloquy, Plea Agreement, or answers on the Truth-in-Sentencing Guilty Plea Form. Horta's valid guilty plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[26]

32. Horta's defense counsel, in his Affidavit in response to Horta's Rule 61 motion, represents that he undertook a complete, thorough and comprehensive review and investigation of the facts, reviewed the police reports and video surveillance films including police films in which Horta made a voluntary confession admitting that he committed the crimes.[27] Defense counsel also hired a. private investigator to investigate and look into the case, review the evidence and interview the defendant[28]

---

[23] Truth-in-Sentencing Guilty Plea Form dated October 31, 2022.
[24] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[25] October 31, 2022 Plea Transcript, at pg. 5.
[26] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[27] As to Criminal Action No. 2010001394, D.I. 42- Affidavit of Trial Counsel, at pg. 1-2.
[28] *Id.*

33. Horta's present claim is wholly unsupported by the record. This unsubstantiated ineffective assistance of counsel claim was waived at the time of the plea. Since Horta has failed to make any concrete allegation of deficient conduct, let alone, deficient conduct that resulted in actual prejudice, this claim is also without merit.

### Claim Three: Failure to File a Rule 35(b) Motion

34. In Claim Three, Horta claims that his trial counsel was ineffective for failing to file a Rule 35(b) motion to reduce his sentence.

35. The Plea Agreement provided that the State would cap its sentence recommendation to 9 years of unsuspended prison time.[29] Horta understood that the Court would consider the State's sentence recommendation but could sentence Horta to unsuspended prison time of between 7 to 77 years.[30]

36. At sentencing, in keeping with the Plea Agreement, the State requested that Horta be sentenced to 9 years of unsuspended prison time.[31]

37. The Court, after considering the sentencing recommendations of the parties, sentenced Horta to a total of 11 years of unsuspended prison time.[32]

38. Horta filed a Rule 35(b) motion for sentence reduction which was denied by the Court. In denying the motion, the Court noted that the sentence was imposed

---

[29] Plea Agreement dated October 31, 2022.
[30] October 31, 2022 Plea Transcript, at pg. 8.
[31] February 10, 2023 Sentencing Transcript, at pg. 8.
[32] February 10, 2023 Sentencing Transcript, at pgs. 14-16.

after reviewing the facts and circumstances of the charges through a pre-sentence investigative report and after hearing from the State, the Defense, and Mr. Horta. The Court concluded that there was no basis for a reduction or modification of the sentence.[33]

39.     Horta's trial counsel cannot be deemed ineffective for failing to file a motion for sentence modification when there was no legal or factual basis to do so.[34]

40.     Horta has not established that his counsel was deficient in any respect or that he has suffered any actual prejudice therefrom.  This claim is without merit.

### Claim Four:  Failure to Review Medical Records and/or Investigate

41.     In Claim Four, Horta claims that his trial counsel was ineffective for failing to investigate the victim's medical records and for failing to investigate potential exculpatory information contained in the police report.

42.     Horta does not provide any basis or support for this claim. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel. [35]

43.     Moreover, Horta's defense counsel, in his Affidavit in response to Horta's Rule 61 motion, represents that he reviewed the victim's medical records and

---

[33] As to Criminal Action No. 2010001394, D.I. 36- Order denying Motion for Sentence Reduction.

[34] See, *State v. Exum,* 2002 WL 100576, at *2 (Del.Super.), *affirmed,* 2002 WL 2017230, at *1 (Del.)..

[35] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004) (conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

performed a comprehensive investigation and review of the police and surveillance films. Those films included a film that showed Horta at the crime scene and a file that contained Horta's recorded confession.[36] Defense counsel also hired a private investigator that looked into the case, reviewed the evidence, and interviewed the defendant.[37]

44. After reviewing the evidence to determine whether Horta had viable defenses, Horta's trial counsel filed a motion to suppress seeking to suppress Horta's statement to the police during which he confessed.[38] Following a hearing on the motion, the motion was ultimately denied.[39]

45. In this case, at the time Horta entered into his plea, the evidence against Horta was overwhelming. He was facing four counts of attempted murder in the first degree related to the road-rage incident. He admitted to being the shooter and he was positively identified by the victims. His suppression motion was already denied.

46. Horta was facing between at least 60 years of prison time and up to four life sentences, if convicted of the four counts of attempted murder in the first degree related to the road-rage incident. He was facing significantly more prison time on the other charges he was also facing.

47. Horta waived his right to test the State's case and raise defenses at the time of

---

[36] As to Criminal Action No. 2010001394, D.I. 42- Affidavit of Trial Counsel, at pg. 1-2.
[37] *Id.*
[38] As to Criminal Action No. 2010001394, D.I. 16- Affidavit of Trial Counsel, at pg. 1-2.
[39] As to Criminal Action No. 2010001394, D.I. 25.

his plea. He could have elected to proceed to trial thereby preserving the right to test the State's case and preserving the right to raise any defenses that may have existed but he would then have been exposed to substantially more prison time if convicted. Instead, he chose to waive those rights and accept the plea offer.

48. Horta's plea represented a prudent choice given the evidence against him and the possible sentences he was facing if convicted at trial.

49. Horta's unsubstantiated claim that counsel was ineffective for failing to investigate his case was waived when Horta voluntarily entered into his guilty plea. In addition to being waived, the claim is also with merit. Horta has not established that his counsel was deficient in any respect or that he has suffered any actual prejudice therefrom. His ineffective assistance of counsel claims must fail.

For all of the foregoing reasons, Horta's Motion for Postconviction Relief should be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ Lynne M. Parker
Commissioner Lynne M. Parker

cc:    Prothonotary
       Michael Heyden, Esquire

12